**FILED**

SEP 19 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE EDWARD MOORE, (a/k/a "Cal"),<br>CORTIO DETRICE WADE, (a/k/a "Tea"),<br>MARCEL DEVON BRIDGES, (a/k/a "Cell"),<br>DERRICKA LYNN FLUKER,<br><br>Defendants. | CASE NO. CR-13-00555 JST<br><br>[PROPOSED] PROTECTIVE ORDER |

Upon stipulation of the parties, the Court finds that there is good cause to enter a protective order regarding the documents and materials that will be produced by the United States to the defense as discovery in this matter. Therefore, the Court hereby **ORDERS**:

1. Counsel for defendants, members of defense counsels' respective offices, the defendants,

[PROPOSED] PROTECTIVE ORDER
CR-13-00555 JST

along with defense counsels' respective experts, consultants, and/or vendors shall not permit any person access of any kind to the documents or disclose in any manner the personal identifying and private financial information of co-defendants and third parties, including social security numbers, addresses, telephone numbers, birth dates, bank account records, credit card records, student transcripts, email addresses, contained in discovery provided by the government to the defense except as set forth below.

2. The following individuals may examine the documents and information related to the personal identifying and private financial information of co-defendants and third parties for the sole purpose of preparing the defense of defendants and for no other purpose:

    a) Counsel for the defendants;

    b) Members of the defense counsels' law offices who are assisting with the preparation of their assigned defendant's defense;

    c) The defendants and third party witnesses, but only in the presence of defense counsel or another authorized person listed in this paragraph except that the defendants may examine, outside the presence of counsel, a copy of such documents that is redacted to remove all personal identifying and private financial information of third parties; and

    d) Experts, consultants, and/or vendors retained by the defendants to assist in the defense of this matter.

3. Defense counsel acknowledge their responsibilities pursuant to Fed. R. Crim. P. 49.1 and will further redact discovery containing personal identifying information before filing it with the Court or sharing it with third parties who are not signatories to this protective order.

4. Within fourteen court days of the conclusion of this matter, defense counsel shall: (1) return or destroy all materials provided to them pursuant to this Order, including all copies of the materials; or (2) seek authorization from the Court within 30 days of the filing of a judgment in this matter if a defendant believes that he must maintain the material for any reason.

5. A copy of this order shall be maintained with the documents at all times.

[PROPOSED] PROTECTIVE ORDER
CR-13-00555 JST

6.  Defense counsel agree that all individuals other than defense counsel, members of defense counsel's law office, and the defendants who receive access to the materials pursuant to this Order, <u>prior to receiving access to the materials</u>, shall review a copy of this Order and acknowledge to defense counsel that:

   a) they have reviewed the Order;
   
   b) they understand its contents;
   
   c) they agree that they will only access the documents and information for the purposes of preparing a defense in this matter; and
   
   d) they understand that failure to abide by this Order may result in sanctions by this Court.

7.  No other person may be allowed to examine the material without further court order. Examination of the documents shall be done in a secure environment which will not expose the materials to other individuals not listed above.

**IT IS SO ORDERED.**

Dated: 9/19/13

_____
HON. JON S. TIGAR
United States District Judge

[PROPOSED] PROTECTIVE ORDER
CR-13-00555 JST